UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| CARRIE BRANNEN,<br><br>　Plaintiff,<br><br>v.<br><br>FIRST CITIZENS BANKSHARES, INC.<br>EMPLOYEE STOCK OWNERSHIP PLAN<br>WITH 401(k) PROVISIONS et al.,<br><br>　Defendants. | Case No. CV615-030 |

## ORDER

The parties in this ERISA case filed an "Initial Rule 26(F) Report" (more about that later) on July 14, 2016. Doc. 66. Among other things, that report stated their proposal to stay discovery pending a ruling on the defendants' motions to dismiss, with the representation that the parties would then "promptly" conduct a second Rule 26(f) conference and submit a "full" report containing their proposed discovery schedule. *Id.* at 2.

The District Judge's Order addressing the motions to dismiss was entered on August 26. 2016. Doc. 71 (granting in part and denying in part defendants' motions). The Court has not heard from the parties

since that date. To ensure that the parties act with the promptitude promised in their "Initial" report, the Court DIRECTS that they confer and submit their "full" 26(f) report within 10 days from the service date of this Order.

The parties' "Initial" Rule 26(f) Report is a strange document in many ways. First, it was considerably untimely. The day the complaint was filed (3/27/15), the Court entered its standard General Order requiring the parties to conduct their Rule 26(f) conference "by the *earlier* of **21 days** after the filing of the last answer of the defendants named in the original complaint or **45 days** after the first appearance by answer or motion under Fed. R. Civ. P. 12 of the defendants named in the original complaint." Doc. 18.[1] The parties had an additional 14 days to file their Rule 26(f) report. *Id.* Because the defendants appeared by motion rather than by answer, they were required to hold their scheduling conference on or before November 5, 2015, and to submit their 26(f) report by November 19, 2015. The parties' "Initial" report was not received until some 8 months after that deadline.

---

[1] That Order merely reflected the deadlines (then) imposed by Local Rule 26.1(a). Those rule-driven deadlines were changed by the Court in May 2016. *See* L. R. 26.1(a) (current version).

Eventually, "out of caution," the parties "decided" to comply with the Court's General Order (and its Local Rules). In addition to being untimely, that document did not "confor[m] to the language and format" of the Court's standard form Rule 26(f) report, as directed by the March 27, 2015 General Order. Doc. 18. Not only that, the "Initial" report represented that the *parties* had "agreed not to pursue discovery until a resolution of the pending motions to dismiss." Doc. 66 at 1. Effectively, the parties self-granted their own stay request.

Suffice it to say that neither the federal rules, the local rules, nor any Court custom or practice allows litigants to decide, on their own, whether or when to commence discovery in a civil case, much less when to submit the report required by Rule 26. Indeed, the federal rules *mandate* that the Court enter its scheduling order "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared" *unless* the Court "finds good cause for delay." Fed. R. Civ. P. 16(b)(2) (effective Dec. 1, 2015). The parties have never sought, nor has the Court ever made, such a "good cause" finding. A timely-filed Rule 26(f) report serves as a trigger for the Court to enter the scheduling order. Here, the Court overlooked the

3

parties' default (their failure to submit a timely, rule-compliant 26(f) report), resulting in a violation of Federal Rule 16.

The parties might be tempted to argue that this is a no-harm-no-foul situation, for even had they complied with the rules and this Court's initial order, the Court would almost certainly have granted a stay of discovery pending the determination of the motions to dismiss. In addition to being beside the point (rules and orders are to be respected, not ignored), it is by no means certain that the Court would have stayed *all* discovery in this case pending the disposition of the motions to dismiss. The filing of a motion to dismiss does not automatically result in a stay of discovery. Instead, such a stay is warranted only where, upon preliminary review of a dispositive motion, the Court finds it "to be clearly meritorious and truly case dispositive, . . . rendering discovery a mere futile exercise." S. Motors Chevrolet, Inc. v. General Motors, LLC, 2014 WL 5644089 at *1 (S.D. Ga. November 4, 2014) (citations and internal quotes omitted). Without engaging in too much conjecture here, it is very likely that, had the parties timely sought a stay of all discovery in this case, the Court would have exercised its discretion to deny that request, at least in part. Non-compliance with the rules, therefore, has

not been without consequence, for that non-compliance has resulted in delaying the progress of this case.

It is intriguing that the parties acted "out of caution" in submitting their delinquent "Initial" 26(f) report.[2] That suggests that they realized, though belatedly, their failure to do what the local rules required, and what the Court ordered, them to do. It would have been better had their caution prompted them to read and comply with the Court's General Order in the Fall of 2015. Had they done so, the Court would have timely entered its scheduling order, Rule 16 would not have been violated, and this case would be further along toward its "just, speedy, and inexpensive determination." Fed. R. Civ. P. 1. The Court expects full compliance with its rules and orders during the remainder of this case.

**SO ORDERED**, this 7th day of September, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The term "Initial" 26(f) report is a misnomer, for what they submitted is not a Rule 26(f) report at all but a motion for the Court to grant what they had already "agreed" to grant to themselves – a lengthy stay of discovery.

5